Deborah M. Nelson, Esq. (State Bar No. 23087)
nelson@nelsonboydlaw.com
Jeffrey D. Boyd, Esq. (State Bar No. 41620)
boyd@nelsonboydlaw.com
NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
Telephone: (206) 971-7601

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | | |
|---|---|---|
| ROBIN STEWART,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. ____________ |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Robin Stewart, hereinafter referred to as "Plaintiff," brings

1. This ERISA action against Liberty Life Assurance Company of Boston, in its capacity as Administrator of the Hasbro, Inc. Long Term Disability Plan, hereinafter referred to as "Defendant." Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Wizards of the Coast.


NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

## PARTIES

2. Plaintiff is a citizen and resident of Port Orchard, Kitsap County, Washington.

3. Defendant is a properly organized business entity doing business in the State of Washington.

4. The disability plan at issue in the case at bar was funded and administered by Defendant.

5. Defendant is a business entity doing business in the Western District of Washington. Defendant may be served with process by serving Washington Department of Insurance, 5000 Capital Blvd. Southeast, Tumwater, Washington 98501.

## JURISDICTION AND VENUE

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), which provides "(a) civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7. Venue in the Western District of Washington is proper by virtue of Defendant doing business in the Western District of Washington. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) "District courts within the Fifth Circuit have adopted the reasoning outline by the



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979). See *Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D.Tex. 1993). The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic*, 607 F.2d at 248." See *Frost v ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994). Here, Defendant is "found" within the Western District of Washington, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

**<u>CONTRACTUAL AND FIDUCIARY RELATIONSHIP</u>**

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective January 1, 1999.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Wizards of the Coast at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny benefits should be reviewed by this Court under a *de novo* standard of review.

14. Further, discretionary clauses have been prohibited in the State of Washington pursuant to Wash. Admin. Code 284-96-012.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

**ADMINISTRATIVE APPEAL**

16. Plaintiff is a 47 year old woman previously employed by Wizards of the Coast as a "Human Resources Generalist."

17. Human Resources Generalist is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 4 and considered to be semi-skilled work.

18. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased working on February 13, 2019, as on this date Plaintiff suffered from migraine headaches.

19. Plaintiff alleges she became disabled on February 14, 2019.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were denied.

22. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

23. On June 28, 2019, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

25. If granted the Plan would pay monthly benefit of $5,481.36.

26. On December 16, 2019, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely pursued her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

29. On or about April 19, 2019 and again on April 24, 2019, Defendant's paid consultant, Mostafa Farache, M.D., neurology and psychiatry, and neurophysiology, performed peer reviews of Plaintiff's claim file.

30. On or about March 25, 2019 and again on June 11, 2019, Defendant's internal consultant, Sharon Henes, RN, BSN, CCM, NCM, clinic research specialist, performed paper reviews of Plaintiff's claim file.

31. On or about January 3, 2020, Defendant's paid consultant, Marcus Goldman, M.D., psychiatry, performed a paper review of Plaintiff's claim file.

32. On or about January 10, 2020, Defendant's paid consultant, Stephen D. Graham, M.D., neurology, performed a paper review of Plaintiff's claim file.

33. On or about February 19, 2020, Defendant's internal consultant, Nicole Hall, MS, CRC, vocational rehabilitation counselor, performed a paper review of Plaintiff's claim file,



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

34. Defendant's consultants completed their reports without examining Plaintiff.

35. On February 19, 2020, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

36. Defendant also notified Plaintiff on February 19, 2020 that Plaintiff had exhausted her administrative remedies.

37. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations on her ability to engage in work activities.

38. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

39. Plaintiff suffers from multiple medical conditions resulting in both exertional and non-exertional impairments.

40. Plaintiff suffers from frequent chronic migraine headaches with co-morbid symptoms of extreme fatigue, nausea, sound and light sensitivity; ocular, neck and back pain; insomnia; irritable bowel syndrome (IBS); bilateral plugging of both ears; memory loss; confusion; generalized and diffuse joint pain; vertigo; and dizziness.

41. Treating physicians document chronic back pain radicular symptoms, as well as decreased range of motion and weakness.

42. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

43. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

44. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

45. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

46. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

47. Plaintiff's documented medical conditions and pain are so severe that they impair her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

48. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

49. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

50. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

51. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

## DEFENDANT'S CONFLICT OF INTEREST

52. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

53. Defendant's determination was influenced by its conflict of interest.

54. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

55. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

56. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

57. More information promotes accurate claims assessment.

58. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

59. Plaintiff incorporates those allegations contained in paragraph 1 through 58 as though set forth at length herein.

60. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**COUNT II: ATTORNEY FEES AND COSTS**

61. Plaintiff repeats and realleges the allegations of paragraphs 1 through 60 above.

62. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C § 1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past due short term and long term disability benefits retroactive to May 16, 2019 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an



NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
206/971-7601

adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan.

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Dated: April 29, 2020

Respectfully submitted,

NELSON BOYD PLLC

By: */s/ Deborah M. Nelson*
Deborah M. Nelson, WSBA #23087
411 University Street, Suite 1200
Seattle, Washington 98101
Telephone: (206) 971-7601
nelson@nelsonboydlaw.com

*/s/ Jeffrey D. Boyd*
Jeffrey D. Boyd, WSBA #41620
411 University Street, Suite 1200
Seattle, Washington 98101
Telephone: (206) 971-7601
boyd@nelsonboydlaw.com