The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN STEWART,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | No. 3:20-cv-05400-BHS<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Liberty Life Assurance Company of Boston (n/k/a Lincoln Life Assurance Company of Boston) ("Liberty Life"), by and through its counsel of record, answers the Complaint filed by Plaintiff Robin Stewart, as follows. Except as expressly admitted, Liberty Life denies the allegations of Plaintiff's Complaint.

1. Liberty Life admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Liberty Life admits Plaintiff was, at certain times, employed by Wizards of the Coast ("Wizards") and was, at certain times, a participant in the Hasbro, Inc. Long Term Disability Plan ("the Plan"). Liberty Life admits it issued a Group Disability Income Policy (the "Policy") to Hasbro, Inc. ("Hasbro"), which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies it was the Plan Administrator of the Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## PARTIES

2. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

3. Liberty Life admits the allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Liberty Life admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court under 28 U.S.C. § 1331. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Liberty Life is not required to answer. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Liberty Life admits Plaintiff was, at certain times, a participant in the Plan. Liberty Life admits it issued the Policy to Hasbro with an effective date of January 1, 1999, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits Plaintiff was, at certain times, employed by Wizards and a participant in the Plan. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

10. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life admits it was, at certain times, the claim administrator for claims for benefits from the Plan under the policy, but Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life denies all allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 contains legal conclusions, Liberty Life is not required to answer. Liberty Life admits the Policy includes language pertaining to discretionary authority, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that Paragraph 15 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

**ADMINISTRATIVE APPEAL**

16. Liberty Life admits Plaintiff was, at certain times, employed by Wizards as a Human Resources Generalist. Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the Plan contain information concerning Plaintiff's

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

date of birth, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, Liberty Life states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Liberty Life refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits Plaintiff's last day at work at Wizards was February 13, 2019. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits Plaintiff's last day at work at Wizards was February 13, 2019. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits Plaintiff sought short term disability benefits from the short term disability benefit plan ("STD Plan") sponsored by Hasbro. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

21. Liberty Life admits Plaintiff received, at certain times, benefits from the STD Plan. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits Plaintiff submitted a claim for benefits from the Plan. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits it sent a letter to Plaintiff dated June 28, 2019, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life admits it sent a letter to Plaintiff dated June 28, 2019, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of “Disabled” or “Disability” as applicable to a participant’s claim for benefits from the Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that certain information concerning Plaintiff’s salary is reflected in the administrative record regarding Plaintiff’s claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant’s claim for benefits from the Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

/ / /

/ / /

/ / /



**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

26. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the Plan, along with additional documentation, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life admits that nurse reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Liberty Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life admits that vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Liberty Life admits that independent physician peer, nurse, and vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Liberty Life admits it sent a letter to Plaintiff's counsel dated February 20, 2020, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 35 of the Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

36. Liberty Life admits it sent a letter to Plaintiff's counsel dated February 20, 2020, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Liberty Life admits it sent a letter to Plaintiff's counsel dated February 20, 2020, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contains in Paragraph 38 of the Complaint.

## MEDICAL FACTS

39. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 41 of the Complaint.



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

42. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Liberty Life admits that Plaintiff submitted a claim for benefits from the Plan. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contains in Paragraph 51 of the Complaint.

## DEFENDANT'S CONFLICT OF INTEREST

52. Liberty Life admits it issued the Policy to Hasbro, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Liberty Life denies all allegations contained in Paragraph 53 of the Complaint.

54. Liberty Life denies all allegations contained in Paragraph 54 of the Complaint.

55. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

contained in Paragraph 55 of the Complaint.

56. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

## COUNT I

59. Liberty Life incorporates its responses to Paragraphs 1-58 by reference as if fully set forth herein.

60. Liberty Life denies all allegations contained in Paragraphs 60 and 60 a-d of the Complaint.

## COUNT II

61. Liberty Life incorporates its responses to Paragraphs 1-60 by reference as if fully set forth herein.

62. Liberty Life denies all allegations contained in Paragraph 62 of the Complaint.

63. Liberty Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

64. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

65. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

66. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was arbitrary and capricious because the relevant Policy and plan documents contain sufficient discretionary language.

67. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits Plaintiff receives or is eligible to receive, including any disability benefits Plaintiff or Plaintiff's dependents receive or are eligible to receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

68. Liberty Life expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

69. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

70. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

/ / /

/ / /

/ / /



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, and having pleaded its affirmative defenses, Liberty Life prays for the following relief:

1. That Plaintiff take nothing by this Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;
4. That Liberty Life be awarded its attorneys' fees, costs of suits and expenses incurred herein; and
5. For such other and further relief as the Court deems just and equitable.

DATED: July 6, 2020.

BARRAN LIEBMAN LLP

By s/ *Andrew M. Schpak*

Andrew M. Schpak, WSBA No. 39901
aschpak@barran.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By s/ *Iwana Rademaekers*

Iwana Rademaekers, Texas Bar No. 16452560
*Pro Hac Vice* pending
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July 2020, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

Deborah M. Nelson
nelson@nelsonboydlaw.com
Jeffrey D. Boyd
boyde@nelsonboydlaw.com
Nelson Boyd, PLLC
411 University Street, Suite 1200
Seattle, WA 98101

Madison Tate Donaldson
madison@marcwhitehead.com
Marc Whitehead & Associates LLP
403 Heights Blvd.
Houston, TX 77007

Attorneys for Plaintiff

by the following indicated method(s) set forth below:

☑ Electronic Filing using the Court's ECF System

☐ Facsimile

☐ First-class mail, postage prepaid

☐ Hand-delivery

☐ EMail

s/ *Andrew M. Schpak*
Andrew M. Schpak



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212