The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN STEWART<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | No. 3:20-cv-05400-BHS<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

In compliance with the Court's Order of May 12, 2020 (Dkt. No. 3), Federal Rule of Civil Procedure 26(f), and Local Rules W.D. Wash. LCR 26(f), the parties submit this Joint Status Report and Discovery Plan.

1. **Nature and Complexity of Case:** This is a non-complex case wherein Plaintiff is seeking recovery of long-term disability benefits from the Wizards of the Coast Long Term Disability Plan. Defendant denies Plaintiff is entitled to any such relief or recovery. The Parties agree that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

2. **Proposed Deadline for Joining Additional Parties:** September 10, 2020.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456

3. **Use of Magistrate Judge:** The Parties do not consent to proceed before a Magistrate Judge.

4. **Proposed Discovery Plan:**

A. Initial Disclosures: Defendant produced a bates-labeled copy of the relevant Policy and Administrative Record to Plaintiff with its initial disclosures. Defendant has agreed to waive the initial disclosure requirement for Plaintiff, as this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i) because it is "an action for review on an administrative record."

B. Subjects, Timing and Phasing of Discovery: The Parties do not propose any modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15).

C. Electronically stored information: There are no unresolved issues at this time pertaining to the preservation of discoverable information, including electronically store information.

D. Privilege issues: The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456

E. Proposed limitations on discovery:

By Plaintiff:

It is Plaintiff's position that benefit denials governed under ERISA are generally reviewed by the courts under a de novo standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a de novo standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited in the State of Washington pursuant to Wash. Admin. Code 284-96-012, or alternatively in the State of Rhode Island pursuant to R. I. Gen. Laws §§ 27-18-70, 27-34.2-22, and this Court should review this matter under a de novo standard of review. Defendant contends the date the policy in question was issues predates the statutes concerning discretionary clauses and are therefore inapplicable. Therefore, Plaintiff seeks discovery on any and all materials that would provide information on renewal dates, rate increases, modifications, or amendments to Plaintiff's policy at issue. Alternatively, if the Court finds that the proper standard of review is abuse of discretion, Plaintiff seeks discovery on conflict of interest, as well as completeness of the administrative record and whether the plan administrator complied with ERISA's procedural regulations.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456

By Defendant:

It is Defendant's position that, because Plaintiff's claim is for ERISA plan benefits where the claims administrator has discretionary authority to interpret and apply the terms of the Plan and make benefits determinations, the only evidence to be properly considered by the Court on Plaintiff's claim is (1) the administrative record before the claims administrator at the time its final determination was made and (2) the pertinent plan documents. As such, discovery on Plaintiff's claim beyond these categories of evidence should only permitted upon a showing of good cause, and then should be narrowly tailored to the issues for which good cause is shown. Moreover, the relevant policy states that the governing jurisdiction is Rhode Island, and the issuance of the policy on January 1, 1999, predates both Rhode Island's and Washington's statutes concerning discretionary clauses in such policies; thus, such statutes do not retroactively impact the relevant policy.

F. Discovery related orders: The parties believe no additional discovery-related orders are presently warranted.

**5. Alternative Dispute Resolution (ADR) and Discovery:**

A. Prompt case resolution: The parties will engage in discussions regarding whether early resolution of this dispute is possible.

B. Alternative dispute resolution: The parties intend to engage in informal settlement negotiations. Should it be needed, the parties agree to mediate in-person with a mutually agreeable mediator.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456

C. Related cases: None.

D. Discovery management: The parties anticipate working cooperatively with respect to discovery and may employ the Court's Model Protocol for Discovery of ESI if warranted.

E. Anticipated discovery sought: Plaintiff intends to conduct discovery on conflict of interest, as well as completeness of the administrative record and whether the plan administrator complied with ERISA's procedural regulations. Defendant contends that no discovery is necessary or appropriate this ERISA case.

F. Phasing motions: The Parties believe that the Court can resolve this ERISA benefits case on dispositive motions and anticipate no need to phase such motions.

G. Preservation of discoverable information: The parties believe no Court intervention respecting preservation of discoverable information is presently warranted.

H. Privilege issues: The parties agree to return any inadvertently disclosed privileged information or work product to the disclosing party pursuant to Fed.R.Evid. 502(b).

I. Model Protocol for Discovery of ESI: The parties may employ the Court's Model Protocol for Discovery of ESI if warranted.

J. Alternatives to Model Protocol: An alternative is unnecessary given the parties may employ the Court's Model Protocol.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456

6. **Date for Completion of Discovery:** The Parties anticipate discovery can be completed by November 10, 2020.

7. **Bifurcation of Trial:** The Parties believe bifurcation of the trial is unwarranted. If not resolved through settlement, this ERISA benefits case should be resolved on dispositive motions without trial.

8. **Pretrial Statements and Pretrial Order:** If not resolved through settlement, the Parties believe this ERISA benefits case should be resolved on dispositive motions without trial and, therefore, the Court's pretrial procedures will not apply.

9. **Shortening or Simplifying the Case:** The parties presently have no suggestions for shortening or simplifying the case.

10. **Trial Readiness:** The Parties anticipate the case will be prepared for trial or resolution via dispositive motions on or before February 1, 2021, and request the Court order the parties to file cross motions for judgment on February 1, 2021, with responses due by March 1, 2021 and replies due by March 15, 2021.

11. **Nature of Trial:** In the unlikely event that this matter is not resolved through settlement or dispositive motions, the Parties agree that a jury trial is not permitted in this civil action under ERISA.

12. **Length of Trial:** Should a trial be necessary, the Parties anticipate that a trial should take no longer than 1-2 days.



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456

**13. Contact Information for Trial Counsel:**

**For the Plaintiff:**
Madison Tate Donaldson
State Bar of Texas No. 24083158
Marc Whitehead & Associates
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940
Email: madison@marcwhitehead.com

**For Defendant:**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**14. Dates on which the trial counsel may have complications to be considered in setting a trial date:**

As trials are uncommon in ERISA benefit claims cases, the Parties believe this case should be resolved on dispositive motions without trial. Therefore, the Parties suggest that, in lieu of a trial setting, this case should be decided on the administrative record and cross motions for judgement to be filed by the parties pursuant to the following proposed deadlines:

| | |
|---|---|
| **File Administrative Record:** | **January 4, 2021.** |
| **Cross Motions for Judgment:** | **February 1, 2021 (up to 25 pages)** |
| **Responses:** | **March 1, 2021 (up to 15 pages)** |
| **Replies:** | **March 15, 2021 (up to 5 pages)** |

**15. Statement of Service:** All Defendants have been properly served.

**16. Scheduling Conference:** The parties believe no scheduling conference is presently warranted.

**17. Corporate Disclosure Statement:** Defendant filed its corporate disclosure statement on July 6, 2020.

DATED August ___, 2020.


LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By */s/ Iwana Rademaekers*
Iwana Rademaekers, Texas Bar #16452560
Admitted *Pro Hac Vice*
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

BARRAN LIEBMAN LLP

By */s/ Andrew Schpak*
Andrew Schpak, WSBA#39901
ASchpak@barran.com
Barran Liebman LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212

ATTORNEYS FOR DEFENDANT

**AND**

MARC WHITEHEAD & ASSOCIATES

By /s/ *Madison Tate Donaldson*
Madison Tate Donaldson
State Bar of Texas No. 24083158
S.D. of Texas Bar No. 2621983
Email: madison@marcwhitehead.com
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

NELSON BOYD PLLC

By: */s/Deborah M. Nelson*
Deborah M. Nelson, WSBA #23087
Jeffrey D. Boyd, WSBA #41620411 University
Street, Suite 1200
Seattle, Washington 98101
Telephone: (206) 971-7601
nelson~nelsonboydlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July 2020, I served the foregoing on the following parties at the following addresses:

Deborah M. Nelson
nelson@nelsonboydlaw.com
Jeffrey D. Boyd
boyde@nelsonboydlaw.com
Nelson Boyd, PLLC
411 University Street, Suite 1200
Seattle, WA 98101

Madison Tate Donaldson
madison@marcwhitehead.com
Marc Whitehead & Associates LLP
403 Heights Blvd.
Houston, TX 77007

Attorneys for Plaintiff

by the following indicated method(s) set forth below:

☑ Electronic Filing using the Court's ECF System

☐ Facsimile

☐ First-class mail, postage prepaid

☐ Hand-delivery

☐ EMail

s/ *Iwana Rademaekers*
Iwana Rademaekers



**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Phone (214) 579-9319 Fax (469) 444-6456